UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:

    SONJA K. BROWN,                                  Case No. 17-23442-svk
                                                          Chapter 13

        Debtor.

## NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ABANDONMENT

The City of Milwaukee, a creditor in this case, by its attorneys, Grant F. Langley, City Attorney, by Hannah R. Jahn, Assistant City Attorney, has filed with the Court requesting an order be entered by the United States Bankruptcy Court for the Eastern District of Wisconsin, granting the City of Milwaukee relief from the automatic stay imposed by Sec. 362(a) of the Bankruptcy Code and abandonment pursuant to Sec. 554(b) of the Bankruptcy Code, on the grounds set forth in the motion attached hereto.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to enter an order granting the City of Milwaukee relief from the automatic stay imposed by sec. 362(a) of the Bankruptcy Code and abandonment pursuant to Sec. 554(b) of the Bankruptcy Code, on the grounds set forth in the motion attached hereto or if you want the

Court to consider your views on the motion, then within fourteen (14) days of the date of this notice, you or your attorney must send a written objection and a request for a hearing to the Court, at the following address:

> Clerk, U.S. Bankruptcy Court
> Eastern District of Wisconsin
> U.S. Courthouse, Room 126
> 517 East Wisconsin Avenue
> Milwaukee, WI 53202-4581

Such objection should briefly state the grounds for your objection.

If you mail your objection and request for a hearing to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

You must also mail a copy to:

> Hannah R. Jahn, Esq.
> Assistant City Attorney,
> 200 East Wells Street, Suite 800
> Milwaukee, WI 53202

Additionally, you must attend the hearing on this matter, if any, that will be held at a date and time to be determined by the Court, notice of which will be sent to you.

If you or your attorney do not take these steps, the Court may determine that you do not oppose the relief sought in the attached motion and may enter an order granting that relief.

2

Dated at Milwaukee, Wisconsin this 7th day of February, 2018.

          City Attorney

          */s/Hannah R. Jahn*
          Assistant City Attorney
          State Bar No. 1088851
          Attorneys for City of Milwaukee

1060-2017-1504 / 246699

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:

SONJA K. BROWN,

    Debtor.

Case No. 17-23442-svk
Chapter 13

**CERTIFICATE OF SERVICE**

I certify that on February 7th, 2018, the City of Milwaukee served by first-class mail the City of Milwaukee's Motion for Relief from Automatic Stay and Abandonment upon the following parties:

Jonathan D. Mas
Consumer Advocates of
Wisconsin, LLC
PO Box 511250
Milwaukee, WI 53203

Todd A. Brown
2620 South Pine Ave.
Milwaukee, WI 53207

Brian Perhach and Jay Pitner
Gray & Associates L.L.P.
16345 West Glendale Drive
New Berlin, WI 53151

Sonja K Brown
2620 South Pine Ave.
Milwaukee, WI 53207

Rebecca R. Garcia
Chapter 13 Trustee
PO Box 3170
Oshkosh, WI 54903-3170

Office of the U.S. Trustee
517 East Wisconsin Ave.
Room 430
Milwaukee, WI 53202

All creditors on the attached matrix

City Attorney

*Hannah R Jahn*
HANNAH R. JAHN
Assistant City Attorney
State Bar. No. 1088851
Attorney for the City of Milwaukee

200 East Wells St.
Room 800
Milwaukee, WI 53202
(414) 286-2601
hjahn@milwaukee.gov

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0757-2<br>Case 17-23442-svk<br>Eastern District of Wisconsin<br>Milwaukee<br>Wed Feb  7 09:00:01 CST 2018 | City Of Milwaukee<br>800 City Hall<br>200 East Wells Street<br>Milwaukee, WI 53202-3515 | U.S. Bank National Association, as Trustee,<br>16345 West Glendale Drive<br>New Berlin, WI 53151-2841 |
| Amsher Collection Serv<br>600 Beacon Pkwy We<br>Birmingham, AL 35209-3114 | Bank of America<br>Attn: Correspondence Unit/CA6-919-02-41<br>Po Box 5170<br>Simi Valley, CA 93062-5170 | Bank of America, N.A.<br>100 North Tryon Street<br>Charlotte, NC 28202-4031 |
| Beechwood Sales & Service<br>PO Box 510946<br>New Berlin, WI 53151-0946 | Blommer Peterman<br>165 Bishops Way<br>Brookfield, WI 53005-6215 | Capital 1 Bank<br>Attn: General Correspondence<br>Po Box 30285<br>Salt Lake City, UT 84130-0285 |
| Capital One Bank USA, NA<br>140 E. Shore Dr. 12017-0380<br>Glen Allen, VA 23059 | City of Milwaukee<br>200 E. Wells St.<br>Milwaukee, WI 53202-3515 | City of Milwaukee- Water Works<br>841 N. Broadway, Rm. 406<br>Milwaukee, WI 53202-3613 |
| Credit One Bank<br>Po Box 98873<br>Las Vegas, NV 89193-8873 | Earthlink/One Communication<br>c/o RMS Bankruptcy Recover Services<br>PO Box 5126<br>Lutherville Timonium, MD 21094-5126 | Ecmc<br>Po Box 16408<br>St. Paul, MN 55116-0408 |
| Eos Cca<br>700 Longwater Dr<br>Norwell, MA 02061-1624 | Gray & Associates, LLP<br>16345 W. Glendale Dr.<br>New Berlin, WI 53151-2841 | Harris<br>Harris & Harris, Ltd.<br>111 W Jackson Blvd 400<br>Chicago, IL 60604-4135 |
| (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | (p)JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 |
| Kohn Law Firm<br>735 N. Water St.<br>Ste. 1300<br>Milwaukee, WI 53202-4106 | LVNV Funding, LLC its successors and assigns<br>assignee of FNBM, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | MILWAUKEE WATER WORKS<br>200 E WELLS ST<br>RM 800<br>MILWAUKEE WI 53202-3515 |
| Midland Funding, LLC<br>8875 Aero Drive<br>Suite 200<br>San Diego, CA 92123-2255 | Milwaukee County Treasurer<br>901 N. 9th Street<br>Room 102<br>Milwaukee, WI 53233-1425 | Milwaukee Municipal Court<br>951 N. James Lovell St.<br>Milwaukee, WI 53233-1429 |
| Mitchell Novelty, Inc.<br>3506 W. National Ave.<br>Milwaukee, WI 53215-1096 | Monco Law<br>Po Box 1641<br>Brookfield, WI 53008-1641 | North Shore Bank<br>15700 Bluemound rd.<br>Ste. 100<br>Brookfield, WI 53005-6024 |

| | | |
|---|---|---|
| Office of the U. S. Trustee<br>517 East Wisconsin Ave.<br>Room 430<br>Milwaukee, WI 53202-4510 | Portfolio Investments II LLC<br>c/o Recovery Management Systems Corp.<br>25 SE 2nd Ave, Suite 1120<br>Miami, FL 33131-1605 | Portfolio Recovery Assocaites, LLC<br>PO Box 12914<br>Norfolk, VA 23541-0914 |
| Select Portfolio Servicing<br>Po Box 65250<br>Salt Lake City, UT 84165-0250 | Sinai Samaritan Medical Center<br>3031 W. Montana St.<br>Milwaukee, WI 53215-3627 | T Mobile/T-Mobile USA Inc<br>by American InfoSource LP as agent<br>4515 N Santa Fe Ave<br>Oklahoma City, OK 73118-7901 |
| Todd Brown<br>2620 South Pine Ave.<br>Milwaukee, WI 53207-2138 | (p)TRI CITY NATIONAL BANK<br>2704 LATHROP AVENUE<br>RACINE WI 53405-4147 | (p)US BANK<br>PO BOX 5229<br>CINCINNATI OH 45201-5229 |
| Verizon<br>500 Technology Dr<br>Ste 550<br>Weldon Spring, MO 63304-2225 | We Energies<br>Attn Bankruptcy Dept. RM A130<br>333 W Everett St<br>Milwaukee WI 53203-2803 | Wi Electric / Wi Energies<br>Attention: Jill Costello<br>Po Box 2046 Room A130<br>Milwaukee, WI 53201-2046 |
| Wisconsin Bell<br>One AT&T Way, Room 3A231<br>Bedminster, NJ 07921-2693 | Wisconsin Department of Revenue<br>Special Procedures Unit<br>PO Box 8901<br>Madison, WI 53708-8901 | Wisconsin Dept. of Justice<br>17 W. Main Street<br>Madison, WI 53703-3960 |
| Wisconsin Dept. of Workforce Development<br>201 E. Washington Ave.<br>Madison, WI 53703-2866 | Jonathan D. Mas<br>Consumer Advocates of Wisconsin, LLC<br>PO Box 511250<br>Milwaukee, WI 53203-0211 | Rebecca R. Garcia<br>Chapter 13 Trustee<br>PO Box 3170<br>Oshkosh, WI 54903-3170 |
| Sonja K Brown<br>2620 South Pine Ave.<br>Milwaukee, WI 53207-2138 | Todd A. Brown<br>2620 South Pine Ave.<br>Milwaukee, WI 53207-2138 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Internal Revenue Service<br>Centralized Insolvency Operation<br>PO Box 21126<br>Philadelphia, PA 19114 | Jefferson Capital Systems<br>16 Mcleland Rd<br>Saint Cloud, MN 56303 | Tri City National Bank<br>2704 Lathrop Ave.<br>Racine, WI 53405 |
| US Bank, N.A.<br>425 Walnut Street<br>Cincinnati, OH 45202 | End of Label Matrix<br>Mailable recipients    49<br>Bypassed recipients     0<br>Total                  49 | |

In re:

SONJA K. BROWN,                         Case No. 17-23442-svk
                                                       Chapter 13

        Debtor.

---

## MOTION FOR RELIEF FROM THE
## AUTOMATIC STAY AND ABANDONMENT

---

The City of Milwaukee (the "City"), by its attorneys, Grant F. Langley, City Attorney, by Hannah R. Jahn, Assistant City Attorney, moves the court (the "Motion") for an order granting relief from the automatic stay imposed by 11 U.S.C. § 362(a) and abandonment pursuant to 11 U.S.C. § 554(b), respectively, to permit the City to proceed with an *in rem* tax lien foreclosure on property owned by the Debtor.

In support of the Motion, the City alleges and shows to the court as follows:

### FACTS

1.      The Debtor filed her Chapter 13 petition commencing this case on April 17, 2017.

2.      The Debtor filed a Chapter 13 plan on April 18, 2017, and a Request to Amend Unconfirmed Chapter 13 Plan on December 29, 2017 (together, the "Plan").

3.      The Plan has not yet been confirmed.

4. The Debtor owns real property at 2616-2618 North Murray Avenue, tax key 319-0932-000, which she operates as a residential rental property (the "Property").

5. Real estate taxes for the Property are unpaid and delinquent for taxes levied in the year 2008 and all subsequent years.

6. Prior to the Debtor filing the present case, the City included the Property in its first *in rem* Foreclosure Petition for 2017. Due to the present case, the City never foreclosed on the Property.

7. Debtor has filed a total of five Chapter 13 bankruptcies since 2009; during those pending bankruptcies (the "Prior Bankruptcies"), she failed to keep up with property tax payments for the Properties. In fact, delinquent taxes on the Property grew dramatically during the pendency of the Prior Bankruptcies, as the debtor used the Prior Bankruptcies to avoid paying both then-current tax obligations, as well as delinquent tax obligations, on the Property. The Prior Bankruptcies served as a shield protecting the debtor from the consequences of such failure to pay delinquent taxes, rather than as a good faith method to effect repayment.

8. The Prior Bankruptcies are as follows:

    a. Case No. **09-35611-svk,** filed October 20, 2009, and dismissed August 23, 2010, for failure to make payments. Through the pendency of the bankruptcy, Debtor paid $3,098.68 toward the City of Milwaukee's secured claim.

b. Case No. **12-33805-pp,** filed September 20, 2012, and dismissed August 25, 2013, for failure to make payments. Through the pendency of the bankruptcy, Debtor paid $1,253.85 in interest on the City of Milwaukee's secured claim.

c. Case No. **14-28849-mdm**, filed July 11, 2014, and dismissed February 2, 2015, for failure to make payments, and for failure to provide tax returns. Through the pendency of the bankruptcy, Debtor paid $0.00 toward the City of Milwaukee's secured claim.

d. Case No. **15-30228-gmh**, filed September 10, 2015, and dismissed October 21, 2016, for failure to make payments. Through the pendency of the bankruptcy, Debtor paid $0.00 toward the City of Milwaukee's claim.

e. The petition in the current case was filed on April 17, 2017.

9. The City has filed a Proof of Claim, Claim No. 3, in the amount of $159,651.33, as its fully secured Claim for unpaid real estate taxes for the Property (the "City Claim"). Pursuant thereto, the amount of delinquent tax for the Property is $159,651.33 plus interest at 12% per annum.

10. The City Claim is fully secured, as shown by the assessed value, and as admitted by the Debtor on her amended schedules (Doc 28, p. 2). *See also, 2017 Tax Bill, attached as "Exhibit A."* The Claim is secured by a lien in favor of the City covering the Property (the "Tax Lien"), as provided by Wis. Stat. Sec. 70.01.

11. The Debtor's Plan provides that the City Claim is to be paid through the proceeds from a future sale of the Property. Specifically, "at the closing of the sale after the sale has been approved by the Court after request by motion of the Debtor. All secured claimholders shall be paid the amount due to satisfy their claim in full under non-bankruptcy law at the time of sale." (Doc 42, Part. 3.B.ii.).

12. The Debtor's Plan does not propose any payments on the City Claim before the property is sold, which may be as late as October 2019.

13. The Debtor's Plan does not provide for adequate protection on the City Claim.

14. The Debtor provides in the April 30, 2017 Plan that she is "actively trying to sell" the Property, but she "has had a problem settling this property because of issues with the chain of ownership."

15. The Plan does not address those issues with the chain of ownership.

16. The debtor made similar proposals in her Prior Bankruptcies, case no. 14-28849, and case no. 15-30228, both cases having been dismissed for failure to make payments. Needless to say, debtor had not sold the Property in either of the Prior Bankruptcies.

17. Pre-petition delinquent taxes for the Property are around 59% of the value of the Property as determined by the City of Milwaukee Assessor's Office.

18. The Debtor has failed to make any payments for 2017 taxes on the Property, which taxes are a post-petition obligation of debtor due no later than

January 31, 2018, with a grace period to February 5, 2018, such that all 2017 taxes on the Property are now due and payable in full and delinquent.

19. The failure to make payments toward the 2016 taxes on the Property, as well as the fact that debtor's proposed Plan payments are insufficient to pay the City's claim, constitute cause, including a lack of adequate protection, as provided in 11 U.S.C. § 362(d)(1), and the prior bankruptcies affecting the Property constitute cause, as provided in 11 U.S.C. § 362(d)(4)(B), for the grant of relief from the automatic stay.

## RELIEF FROM THE AUTOMATIC STAY

### A. Cause, Including the Lack of Adequate Protection

20. Prior to the Debtor filing the present case, the City included the Property in its first *in rem* Foreclosure Petition for 2017.

21. The City Claim includes outstanding real estate taxes on the Property for levy years 2008 through 2016.

22. During the pendency of the Prior Bankruptcies, the Debtor made no payments whatsoever in respect of the City Claim.

23. Since the date of the filing of the petition commencing this case, the debtor has made no payments whatsoever in respect of the City Claim.

24. Further, the Debtor's monthly pre-confirmation payments of $1351.00 are less than the 1% monthly interest currently accruing on the City Claim, which is $1,596.51, meaning that the City Claim will continue to grow.

5

25. Further, the Debtor's schedules neither show a budget for repairs and maintenance for the Property, nor a budget for property insurance for the Property.

26. Adequate protection also requires that the Debtor pay post-petition real estate taxes on the Property. The Debtor is expected to fall behind on the post-petition real estate taxes on the Property for 2017 because she has not budgeted for the full $807.04 in monthly installments. *See Exhibit A, Amended Schedules (Doc 28)*.

27. Further, as of the date of this filing, the first installment on the 2017 real estate taxes, due January 31, 2018, has not been paid, so the Debtor is currently delinquent on her 2017 tax.

28. The failure to pay post-petition real estate taxes, failure to budget for upkeep and insurance to insure that the Property value does not depreciate to protect the Tax Lien, and the failure to make payments on the City Claim during the pendency of this case and Prior Bankruptcies constitute "cause, including the lack of adequate protection" for the grant of the Motion. 11 U.S.C. § 362(d)(1).

**B. Scheme and Delay**

29. The Debtor's history of Prior Bankruptcies, which were all dismissed for failure to make plan payments; the fact that in some of the Prior Bankruptcies, Debtor paid nothing toward the City's claims; and the fact that the Property was included in the City of Milwaukee's 2017-01 *in rem* Foreclosure Petition prior to the commencement of the present case show a "scheme to delay, hinder, or defraud creditors" under 11 U.S.C. § 362(d)(4)(B).

6

30. A Court may find an "intent to hinder, delay, and defraud creditors from the fact of the serial filings alone," without an evidentiary hearing. *In re Procel*, 467 B.R. 297, 308 (S.D.N.Y. 2012). S*ee In re Mendiola*, 573 B.R. 758, (Bankr. E.D. Wis. 2017.) (The Court found that the number and timing of the debtor's Chapter 13 petitions "compels the conclusion that the debtor's bankruptcy petition was part of a scheme as that term is used in section 362(d)(4).")

### C. No Feasible Plan

31. The Debtor's Plan and supporting schedules all disclose inability to propose a feasible Plan or to provide adequate protection.

## ABANDONMENT

32. The City re-alleges paragraphs 1-31 above and incorporates such herein by this reference.

33. The continued ownership of, occupancy of, responsibility to maintain the property, and responsibility to pay the real estate taxes and responsibility to insure the Property are burdensome to the estate because the Debtor cannot afford it.

34. Based upon the debtor's schedules and based further upon the debtor's failure to make payments in respect of the 2008-2017 taxes on the Property, the Property is burdensome to the bankruptcy estate and of inconsequential benefit to the estate such that the Property should be ordered abandoned pursuant to 11 U.S.C § 554(b).

7

WHEREFORE, the City requests that the automatic stay be terminated with respect to the Property pursuant to 11 U.S.C. § 362(d) and further requests that the trustee be ordered to abandon the Properties pursuant to 11 U.S.C. § 554(b), such that the City may proceed with an *in rem* tax lien foreclosure of the Property.

Dated, signed, and filed at Milwaukee, Wisconsin this 7th day of February, 2018.

GRANT F. LANGELY
City Attorney

/s/ HANNAH R. JAHN
Assistant City Attorney
State Bar No. 1088851
Attorneys for City of Milwaukee

ADDRESS:
800 City Hall
200 East Wells Street
Milwaukee, WI 53202
Telephone: (414) 286-2601
Fax: (414) 286-8550
Email: hjahn@milwaukee.gov

1060-2017-1504 / 246698